UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2007 FEB 22 P 4:07

UNITED STATES OF AMERICA

v.

Cr. No. 07cr 63-1-SM

SHEA BEAUMONT

## POST-INDICTMENT RESTRAINING ORDER
## FOR FINANCIAL ACCOUNT

The United States has made an *ex parte* application to this Court, pursuant to Title 18, United States Code, Section 982(b)(1), and Title 21, United States Code, Section 853(e)(1)(A), for a Restraining Order to preserve the availability of a financial account named in the Notice of Criminal Forfeiture provisions of the Indictment in this case ("the account"), specifically, funds in Wachovia Bank account # 1010106907083 in the name of defendant Shea A. Beaumont, which is alleged to be subject to forfeiture to the United States, upon the conviction of the defendant SHEA BEAUMONT on Counts 1 and 2.

Upon consideration of the Verified Application filed by the United States and the allegations of the Indictment, it appears to the Court that there is reasonable cause to believe that the account is subject to forfeiture to the United States, as part of any sentence to be imposed upon the conviction of the defendant SHEA BEAUMONT, pursuant to Fed. R. Crim. P. 32.2(b), and that the entry of the requested Restraining Order to preserve the account is appropriate in this case, based upon the following:

1. That an Indictment was returned on February 21, 2007, in the U.S. District Court for the District of New Hampshire, alleging that the defendant, SHEA BEAUMONT committed various offenses against the United States, to-wit: (1) Count 1 - Unlawful Sale of Drug

Paraphernalia, in violation of Title 21, United States Code, Section 863; and (2) Count 2 - Conspiracy to Launder Monetary Instruments, in violation of Title 18, United States Code, Sections 371, 1956(a)(1)(B)(1) and 1956(h).

2. That the Indictment advises the defendant that upon conviction on the offenses charged in Count 1 and 2 of the Indictment, the United States intends, as part of the sentence in the case, to seek forfeiture of the following assets, in which the defendants have an interest, described as follows:

 a. All right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, for which the defendant is convicted, and all property traceable to such property, including the following: 1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956; 2) all commissions, fees and other property constituting proceeds obtained as a result of the violation; and 3) all property used in any manner or part to commit or to facilitate the commission of the violation; including, but not limited to, land and buildings located at 12 Spruce Court, Hooksett, New Hampshire; **and funds in Wachovia Bank account #1010106907083 in the name of Shea A. Beaumont**; and

 b. A sum of money equal to the total amount of money involved in the offense for which the defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

3. That the federal Grand Jury's Indictment establishes sufficient probable cause for the issuance of this Restraining Order. The Grand Jury found probable cause that the account is subject to forfeiture, in the event of the defendant's convictions on Counts 1 and 2. That is, based on the evidence presented, the Grand Jury determined that there is probable cause to believe that the account was used to commit or to facilitate the commission of the violations in the Indictment at Count 2.

4. That, in the event that SHEA BEAUMONT is convicted of the charges alleged in Counts 1 and 2 of the Indictment, the account would be subject to forfeiture to the United States under 18 U.S.C. §§ 1956 and 1957.

5. That it is appropriate to enter the Restraining Order *ex parte*, because giving notice prior to the entry of the Order could result in the transfer, or dissipation of the account.

6. That any third party claims to the parcels may be properly brought and resolved in ancillary proceedings conducted by this Court following the execution of a Preliminary Order of Forfeiture in accordance with the provisions of federal forfeiture law. Fed. R. Crim. P. 32.2(c).

THEREFORE, IT IS HEREBY ORDERED AND DECREED

That, effectively immediately, SHEA BEAUMONT, his agents, servants, employees, attorneys, family members and those persons in active concert or participation with him, including any person or entity, including Wachovia Bank, with an interest in or control over the funds in Wachovia Bank account # 1010106907083 in the name of defendant Shea A. Beaumont are hereby:

RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any actions that would affect the availability, or value of the account, including but not limited to withdrawing, assigning, transferring, pledging, distributing, encumbering, or in any way diminishing the value of, all or part of their interest, direct or indirect, or otherwise disposing of, or removing from the jurisdiction of this Court, all or any part of their interest, direct or indirect, in funds in Wachovia Bank account # 1010106907083 in the name of defendant Shea A. Beaumont.

IT IS FURTHER ORDERED that SHEA BEAUMONT, his agents, servants, employees, attorneys, family members and those persons in active concert or participation with him, including any person or entity, including Wachovia Bank with an interest in or control over the account are to comply with the restraining order.

IT IS FURTHER ORDERED that in addition, upon receiving notice of this Order, Wachovia Bank shall promptly inform the Government as to the account balances at the time of notice.

IT IS FURTHER ORDERED that the United States Drug Enforcement Administration shall promptly serve a copy of this Restraining Order on the defendant SHEA BEAUMONT, Wachovia Bank, and any other parties or entities having an interest in the account, and shall make a return to this Court reflecting the dates and times of service.

THIS RESTRAINING ORDER shall remain in full force and effect until further order of this Court.

Dated: February 22, 2007

James R. Muirhead
United States ~~District~~ Judge